## THE STATE ex rel. PORTER JONES v. R. E. BLACK, Appellant.

**Division One, March 3, 1914.**

1. **DRAINAGE DISTRICT: Allowance for Private Levee: No Reason.** Where a landowner was allowed by the commissioners a credit of $600 for a levee constructed by him as a credit upon benefits assessed against his land, and in the readjustment by the county court of the assessments made necessary by an extension of the boundaries of the district and the construction of drains and levees this credit was disallowed, the appellate court will not hold that was error if his counsel on appeal assign no reason why it was disallowed and none can be found assigned in the record.

2. ———: ———: ———: **Complicated and Confused Record.** Where three suits on tax bills issued by a drainage district were tried separately in the circuit court, but all were appealed together, and one record sent up, and there is only one abstract and brief, and there is no designation therein of the evidence pertaining to each, or of the propositions of law particularly applicable to each case, the appellant cannot complain if the court fails to segregate and apply the evidence to any particular point.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Charles Martin* and *Frank Howell* for appellants.

*O. H. Avery* and *William A. Dudley* for respond-
ents.

WOODSON, P. J.—The facts of this case are in
all material respects, with one exception, the same as
are those in the case of State ex rel. v. Young, the
opinion in which is handed down with this one. [*Ante,*
p. 627.]    The principal difference, if any, consists
in the fact, if I correctly understand the record, that
the defendant here, prior to the time of the construc-
tion of the levees and excavation of the drains men-
tioned in the evidence, had constructed a levee along
the east and south lines of his lands, located in Sur-
vey No. 1706, estimated to be worth $600, which was
by the commissioners of the district, in the first in-
stance, allowed him as a credit on the assessments
made against his said lands; but upon exceptions filed
by numerous landowners of the district to the report
of the commissioners filed August 9, 1904, many of
which were sustained by the county court, necessitat-
ing a change of the boundaries of the district, and at
the same time, this credit of $600 to defendant was also
disallowed, but for what reason  counsel has not stated,
nor have we been able to find in the record any rea-
son assigned therefor.

Upon this condition of the record I suppose it
would be fair to presume that the said credit was fi-
nally disallowed because the change of the boundaries
of the district necessitated the abandonment of. the
use of Mr. Black's old levees in the location and con-
struction of the new, and therefore said levees became
worthless to the district.   But be that as it may, this
court is not responsible for the condition of the record
as it exists in this case, which, while short, is very
complicated.

I judge from the record that this case and those of State ex rel. v. Young, *ante,* p. 627, and State ex rel. v. Galloway, *ante,* p. 637, decided at this sitting of the court, were tried separately in the circuit court, but all were appealed together, one record sent up, and one abstract thereof and briefs filed covering all, without stating or designating what evidence introduced pertained to each case, nor what points and propositions of law stated therein apply particularly to the respective cases, thereby leaving this court to segregate and apply the evidence to the respective cases, and to determine to which case the points made and propositions advanced apply.

If under this condition of things the court fails to grasp the true condition of the record and the parties litigant suffer thereby, the responsibility therefor does not rest with this court.

The same kind of a record, only much more complicated, was presented to us in the case of State ex rel. v. Wilson, 216 Mo. 215, where we felt called upon to protest against such practice.

Returning to the case in hand, I am unable to comprehend the purpose of counsel in making the point that Black was not allowed this credit of $600, when they wholly omit to assign any reason why in the first place it was properly allowed to him by the commissioners, or why it was finally erroneously disallowed, or why the circuit court, under the circumstances, should be convicted of error for disallowing this credit upon the tax bills sued on, in this case.

Failing to discover any error, if it exists, in this case, the judgment of the circuit court should be, and is affirmed.

All concur.